IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:10-CT-3070-FL

| | |
|---|---|
| JUDAH N. HA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | ORDER |
| JAMESE SMITH; SERGEANT BECK; ) | |
| SERGEANT SPIVEY; and OFFICER ) | |
| MICHAEL SANDERSON, JR., ) | |
| ) | |
| Defendants. ) | |

Plaintiff filed this action pursuant to 42 U.S.C. § 1983. The matter comes before the court on the motion to dismiss (DE # 14) pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by defendants Christopher Beck, Jamese Smith, Michael Sanderson, and Timothy Spivey (collectively "defendants"). Also before the court is plaintiff's second motion for production of documents (DE # 17). In this posture, the matters are ripe for adjudication. For the following reasons, the court grants defendants' motion to dismiss and denies plaintiff's second motion for production of documents.

## STATEMENT OF THE CASE

On May 10, 2010, plaintiff brought this action pursuant to 42 U.S.C. § 1983, alleging that defendants used excessive force against him in violation of the Eighth Amendment of the United States Constitution. Defendants filed a motion to dismiss on January 20, 2011, arguing that plaintiff's action should be dismissed for failure to exhaust administrative remedies. In response,

plaintiff filed a second motion for production of documents. Plaintiff did not respond to defendants' motion to dismiss.

## DISCUSSION

I. Motion for Production of Documents

In response to defendants' motion to dismiss based upon failure to exhaust his administrative remedies, plaintiff filed a motion to compel the production of documents. Title 42 U.S.C. § 1997e(a) of the Prison Litigation Reform Act ("PLRA") requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Woodford v. Ngo, 548 U.S. 81, 83-85 (2006). Accordingly, the court must determine whether plaintiff exhausted his administrative remedies before addressing the merits of his eighth amendment claim.

Plaintiff's motion to compel seeks documents relating to the alleged use of force incident on March 13, 2010. Plaintiff does not suggest that the requested materials pertain to the processing of plaintiff's grievances or the exhaustion of his administrative remedies, nor does he suggest that any of the requested discovery material could preclude dismissal of his action pursuant to § 1997e(a). Because the requested discovery materials are not related to the exhaustion issue, the court finds that it may consider the exhaustion issue prior to addressing discovery related to the alleged excessive use of force incident. Thus, plaintiff's second motion for production of documents is DENIED.

II. Motion to Dismiss

A. Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint

2

contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. ----, 129 S.Ct. 1937, 1949 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quoting Iqbal, 129 S.Ct. at 1949, and Twombly, 550 U.S. at 557).

B. Analysis

Title 42 U.S.C. § 1997e(a) of the PLRA requires a prisoner to exhaust his administrative remedies before filing an action under 42 U.S.C. § 1983 concerning his confinement. Woodford, 548 U.S. at 83-85; see Jones v. Bock, 549 U.S. 199, 217 (2007) ("failure to exhaust is an affirmative defense under [42 U.S.C. § 1997e]"); Anderson v. XYZ Corr. Health Servs., Inc., 407 F.3d 674, 683 (4th Cir. 2005). The PLRA states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see Woodford, 548 U.S. at 84. Exhaustion is mandatory. Woodford, 548 U.S. at 85; Porter v. Nussle, 534 U.S. 516, 524 (2002) ("Once within the discretion of the district court, exhaustion in cases covered by § 1997e(a) is now mandatory."); Anderson, 407 F.3d at 677. A prisoner must exhaust his administrative remedies even

3

if the relief requested is not available under the administrative process. Booth v. Churner, 532 U.S. 731, 741 (2001). "[U]nexhausted claims cannot be brought in court." Jones, 549 U.S. at 211.

The North Carolina Department of Correction ("DOC") has a three step administrative remedy procedure which governs the filing of grievances. See, e.g., Moore v. Bennette, 517 F.3d 717, 721 (4th Cir. 2008); Goulette v. Warren, No. 3:06CV235-1-MU, 2006 WL 1582386 (W.D.N.C. June 1, 2006) (unpublished). The DOC's Administrative Remedy Procedure ("ARP") first encourages inmates to attempt informal communication with responsible authorities at the facility in which the problem arose. DOC ARP § .0301(a). If informal resolution is unsuccessful, the DOC ARP provides that any inmate in DOC custody may submit a written grievance on Form DC-410. DOC ARP § .0310(a). If the inmate is not satisfied with the decision reached at the step one level of the grievance process, he may request relief from the Facility Head. Id. at § .0310(b)(1). If the inmate is not satisfied with the decision reached by the Facility Head, he may appeal his grievance to the Secretary of Correction through the inmate grievance examiner. Id. § .0310(c)(1). The decision by the [Inmate Grievance Examiner] or a modification by the Secretary of Correction shall constitute the final step of the ARP. Id. § .0310(c)(6).

Plaintiff states in his complaint that he completed step two of the inmate ARP. (Compl. p. 1, ¶ 2.) Defendants concede that plaintiff did proceed with his step three appeal. However, plaintiff's step three appeal was not received until May 11, 2010, and was not ruled upon until June 11, 2010. (Def.s' Mem. Attach. 2.) Accordingly, petitioner did not complete the ARP until after he filed his complaint on May 10, 2010. Because plaintiff filed this action prior to completing the ARP, his action is DISMISSED without prejudice to allow him the opportunity to exhaust his administrative remedies.

4

## CONCLUSION

For the foregoing reasons, defendants' motion to dismiss (DE # 14) is GRANTED, and the action is DISMISSED without prejudice to allow him the opportunity to exhaust his administrative remedies. Plaintiff's second motion for production of documents (DE # 17) is DENIED.

SO ORDERED, this the 2nd day of June, 2011.

LOUISE W. FLANAGAN
Chief United States District Judge

5